**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KONRAD LUDWIG, et. al., | Case No. 26-CV-01132 (VSB) (RFT) |
| Plaintiffs, | **CONFIDENTIALITY** |
| -against- | **STIPULATION AND PROPOSED** |
| | **PROTECTIVE ORDER** |
| WISDOMTREE, INC., et al, | |
| Defendants. | |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information; counsel for any party may also designate any document or information, in whole or in part, as attorneys' eyes only (AEO), if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is of such a personally, commercially, or competitively sensitive nature that disclosure to the opposing party (or non-parties) could reasonably be expected to result in injury to the disclosing party (collectively, "Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Information and documents designated by a party as AEO will be stamped "ATTORNEYS' EYES ONLY."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality or of AEO, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.  The party that labeled a disputed document as Confidential or Attorneys' Eyes Only shall bear the burden of demonstrating that the document(s) at issue merit such a designation.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees or vendors of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, or witnesses being questioned at depositions or other proceedings, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than those identified above in (a)-(d), above, except as to (a) and (c), the requesting party may not see AEO documents or information, only counsel, including in-house counsel. The

parties should meet and confer if any production requires a designation for "For Experts' Eyes Only."

5.　Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.　Inform the person of the confidential nature of the information or documents;

b.　Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.　Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.　The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.　Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. In the event of discovering that privileged and/or work-product material has been produced, the producing party must notify the receiving party promptly, in writing. Upon receiving such written notice from the producing party, all such materials, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such materials or the information therein for any purpose, except, to the extent necessary, to contest the privilege or work product designation, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the materials in electronic format. Any analyses, memoranda or notes which were internally generated based upon such produced materials shall immediately have the portion based on the materials excised (if such materials pertain only to part of the analyses, memoranda, or notes) or be placed in sealed envelopes (if such materials pertain to the entirety of the analyses, memoranda, or notes), and shall be destroyed in the event that (a) the receiving party does not contest that the materials are privileged or protected work-product, or (b) the Court rules that the materials are privileged or protected work-product. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to their intended purpose in the event that (a) the producing party

4

agrees in writing that the materials are not privileged or protected work-product, or (b) the Court rules that the materials are not privileged or protected work-product. The receiving party may contest the privilege or work product designation by the producing party; if it elects to do so, the receiving party shall give the producing party written notice of the reason for said disagreement, and shall be entitled to retain one copy of the disputed materials for use in resolving the dispute. However, the receiving party may not challenge the privilege claim by arguing that the disclosure itself is a waiver of any applicable privilege. In the case of a challenge, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an order from the Court compelling the production of the materials. If no such order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed materials shall be returned in accordance with this paragraph.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal or that they cannot be used or displayed at trial. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon written confirmation by the receiving party, destroyed.

11.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**      The Clerk of Court is respectfully requested to terminated ECF 31.

Dated: ___June 11___, 20_26_

Dated:   June 16, 2026
       New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

5

6

New York, NY

_____                    _____*/s/Jessica G. Cortes*_____

Counsel for Plaintiff(s)                     Counsel for Defendant(s)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ----------------------------------------------------X

                                           ___ Civ. _____ (_____) (RFT)

               Plaintiff(s),           **NON-DISCLOSURE AGREEMENT**

     -against-

              Defendant(s).
 ----------------------------------------------------X

I, _____ , acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential Information. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20__

_____        _____
Name (printed)                              Signature

Signed in the presence of:_____
                      (Attorney)